UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XEVRICK LATIMORE,
a/k/a MICHAEL LATIMORE,

Petitioner,

v. Case No. 3:07-cv-540-J-33TEM

WALTER A. MCNEIL,
et al.,

Respondents.

---

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Latimore, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on June 18, 2007.[1] Petitioner challenges a 2001 state court (St. Johns County, Florida) judgment of conviction for attempted voluntary manslaughter, grand theft, possession of a short-barrel shotgun and armed robbery with a firearm.

---

[1] The Petition (Doc. #1) was filed in this Court on June 18, 2007; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (June 14, 2007). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in 28 U.S.C. § 2244(d). See Respondents' Response to Petition (Doc. #11) (hereinafter Response).[2] Petitioner was given admonitions and a time-frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #9). Petitioner filed a Reply (Doc. #17), in which he concedes that the Petition has been untimely filed; however, he contends that he is entitled to equitable tolling.

On October 19, 2001, Petitioner was charged, by Amended Information, with attempted first degree murder, grand theft, possession of a short-barreled shotgun and armed robbery with a weapon. Ex. A at 3-4. After hearing the evidence, the jury found Petitioner guilty of attempted voluntary manslaughter (count two), grand theft (count three), possession of short-barreled shotgun (count four) and robbery with a firearm (count five). Ex. B at 275-76; Ex. C, Verdict. He was sentenced to five years of imprisonment for counts two and three, fifteen years of imprisonment for count four and life imprisonment for count five, to run concurrently with counts two, three and four. Ex. D; Ex. E.

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

Petitioner Latimore, through counsel,[3] appealed his judgment and sentence to the Fifth District Court of Appeal. Ex. F. On behalf of Petitioner, court-appointed counsel filed Appellant's Initial Brief, in compliance with Anders v. California, 386 U.S. 738 (1967), and an accompanying motion to withdraw from the case. Ex. G. The brief raised, as possible error, whether the trial court committed reversible error in denying Petitioner's judgment of acquittal. Id. The appellate court issued an order giving Petitioner thirty days in which to file an initial brief on his own behalf. Ex. H. The State filed a notice stating it would not file an answer brief unless directed to do so by the appellate court. Ex. I. On March 11, 2003, the appellate court per curiam affirmed without issuing a written opinion. Latimore v. State, 840 So.2d 256 (Fla. 5th DCA 2003); Ex. J. The mandate was issued on March 28, 2003. Ex. K.

On March 10, 2005, Petitioner, proceeding *pro se*, filed a motion for extension of time to file his motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 because he had received the transcripts and materials from appellate counsel on January 22, 2005. Ex. L at 1-2. On March 17, 2005, the trial judge granted

---

[3] Petitioner Latimore was represented by Gregg Steinberg at the trial and sentencing. Ex. B; Ex. E. Mr. Steinberg filed the Notice of Appeal for Petitioner. Ex. F. Thereafter, Wayne Fetzer Henderson, a court-appointed attorney, represented Petitioner Latimore until his motion to withdraw was granted. Ex. G; Petition, attached exhibit, Order, dated March 12, 2003.

Petitioner until April 30, 2005, to file a Rule 3.850 motion, noting that Defendant's counsel "confirmed that through an oversight on the part of the attorney, the materials were only recently delivered to the Defendant." Id. at 3-4.

On April 24, 2005, Petitioner filed a *pro se* Rule 3.850 motion with supporting memorandum of law. Id. at 5-31. On May 2, 2005, the trial court summarily denied claims one through four and ordered an evidentiary hearing regarding claim five. Ex. M. The evidentiary hearing was conducted on September 30, 2005. Ex. N. On October 20, 2005, the trial court denied claim five. Ex. P.[4]

Petitioner appealed and filed an Initial Brief. Ex. Q. The State filed an Answer brief. Ex. R. On July 5, 2006, the appellate court per curiam affirmed without issuing a written opinion. Lattimore [sicl v. State, 933 So.2d 538 (Fla. 5th DCA 2006); Ex. S. The mandate was issued on July 24, 2006. Ex. T. Petitioner filed the Petition in this Court on June 14, 2007.[5]

Petitioner's conviction became final on June 9, 2003 (90 days from March 11, 2003). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment, and not the issuance of the mandate, starts the clock running for the time to petition the United States Supreme Court

---

[4] Respondents mistakenly failed to submit Exhibit O.

[5] Both parties state that the Petition was filed on June 26, 2007; however, pursuant to the mailbox rule, the Petition was filed on June 14, 2007. Response at 5, 8; Reply at 6.

for certiorari review); Supreme Court Rule 13.3.[6] This was after the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (June 9, 2004). His Petition, filed in this Court on June 14, 2007, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

Petitioner contends that he is entitled to equitable tolling of the one-year limitation period based on two occurrences: appellate counsel's failure to inform him of the disposition of his direct appeal as well as appellate counsel's failure to timely send him copies of his trial transcripts. Reply at 1-5. Specifically, Petitioner states that his direct appeal became final on March 11, 2003; however, appellate counsel failed to inform him of this occurrence. Id. at 1-2. Petitioner sent a Notice of Inquiry to the clerk of the appellate court and received a response on May 23, 2004, which notified him of the appellate court's ruling on his direct appeal. Id. at 2, 5.

---

[6] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" Thus, Petitioner had ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court after the appellate court entered judgment. And, Petitioner knew of the conclusion of his direct appeal on May 23, 2004.

Petitioner further contends that, on August 23, 2003, he wrote his attorney to request transcripts and other related materials. Id. at 3. After receiving no response from counsel, Petitioner wrote another letter on January 19, 2004. Id. On December 12, 2004, he sent a letter to the trial judge and filed a Florida Bar complaint. Id.; Petition, attached exhibit, Response from the Florida Bar, dated March 17, 2005 (noting that appellate counsel had indicated that he was under the mistaken belief that the requested documents had been forwarded to Petitioner); Petition, attached exhibit, Mr. Henderson's Response to the Florida Bar Complaint, dated January 15, 2005 (stating the failure to forward the transcripts and other papers related to the appeal "was an unintended oversight that happened during the time of a move and renovation of my office"). On January 15, 2005, appellate counsel sent the transcripts to Petitioner, and Petitioner received those transcripts on January 22, 2005. Reply at 3; Ex. L at 1, Motion for Extension of Time (stating to the trial judge that he received the transcripts from appellate counsel on January 22, 2005). Petitioner waited until March 10, 2005, when he filed a motion to extend the time for filing the Rule 3.850 motion.

The Eleventh Circuit recently set forth the governing law on the tolling of the one-year limitation period.

> Once the AEDPA's statute of limitations is triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling. The statutory tolling

> provision of the AEDPA is codified at 28 U.S.C. § 2244(d)(2), which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The doctrine of equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002) (quotation omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). This Court has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence. *Akins v. United States,* 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).

Although the United States Supreme Court "has not expressly approved the application of equitable tolling to the AEDPA statute of limitations, it has recently assumed, without deciding, that equitable tolling is available in this context." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1332 n.9 (11th Cir. 2008) (citing Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007)). In Lawrence, the United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." 127 S.Ct. at 1085 (citation omitted). Further, the Court concluded that "[a]ttorney miscalculation is simply not sufficient

to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Id. (citation omitted).

The Eleventh Circuit further stated:

> Not belying its status as an extraordinary remedy, "this Court has rejected most claims for equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004). For example, we have held that "[a]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling," *Steed*, 219 F.3d at 1300; *see also Helton*, 259 F.3d at 1313 (holding that an attorney's miscalculation or misinterpretation does not constitute extraordinary circumstances), and that an attorney's negligence was not a ground for equitable tolling where the petitioner's habeas petition was filed outside of the AEDPA statute of limitations because his attorney used ordinary mail service. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). These circumstances were not "extraordinary" because the ultimate failure to file within the statutory period was a direct result of decisions made and actions taken by the petitioner or his attorney. Having created the situations that caused their petitions to be time-barred, those litigants could not then avail themselves of the equitable power of the district court. *See id*.

Thompson v. Smith, 173 Fed. Appx. 729, 732-33 (11th Cir. 2006) (not published in the Federal Reporter); Melendez v. Sec'y, Dep't of Corr., 247 Fed. Appx. 188, 189 (11th Cir. 2007) (per curiam) (not published in the Federal Reporter) ("Our case law establishes that such a 'miscalculation or misinterpretation by [petitioner's] attorney in interpreting the plain language of the statute does not

constitute an extraordinary circumstance sufficient to warrant equitable tolling.'") (citations omitted).

Finally, "AEDPA limitations periods do not *per se* constitute a suspension of the writ. See Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001); Wyzykowski v. Dept. of Corr., 226 F.3d 1213 (11th Cir. 2000)." Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). "Moreover, the availability of equitable tolling in cases 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence,' Steed, 219 F.3d at 1300 (quotation and citation omitted), ensures that § 2244's limitation is constitutionally applied . . . ." Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002).

Respondents contend that Petitioner is not entitled to equitable tolling and specifically challenge Petitioner's diligence. Response at 9-12. Respondents' contention that Petitioner is not entitled to equitable tolling is not convincing in this particular instance given the fact that Petitioner could not have begun the post conviction proceedings until he was aware that his direct appeal had concluded.[7]

---

[7] This Court recognizes the line of cases holding that attorney error or neglect does not justify equitable tolling. Wainwright v. Sec., Dep't of Corr., 255 Fed. Appx. 403, 407 (11th Cir. 2007) (per curiam) (citations omitted) (not published in the Federal Reporter) ("It is well established that attorney error is

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (citations omitted), cert. denied, 537 U.S. 1237 (2003); Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (finding that equitable tolling was justified, reasoning that the petitioner had demonstrated reasonable diligence because the court's clerk had assured him that he would be notified as soon as a decision was reached; the court cautioned "that not in every case will a prisoner be entitled to equitable tolling until he receives notice," but "[e]ach case turns

---

not an extraordinary circumstance warranting equitable tolling."); Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (stating "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"), cert. denied, 546 U.S. 1108 (2006); Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 700-01 (11th Cir. 2004) (per curiam); Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (per curiam); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding that the attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling). There must be something more. Moreover, "[c]ourts need not consider whether extraordinary circumstances exist if a prisoner's delay in filing the motion or petition exhibits a lack of due diligence." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted), cert. denied, 128 S.Ct. 1443 (2008).

on its own facts."); Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."), cert. denied, 535 U.S. 973 (2002); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.) (per curiam) (finding that equitable tolling may apply where petitioner, despite his diligence, did not receive notice of denial of state post conviction relief for four months), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000); Golden v. Oliver, 264 F.Supp.2d 701 (N.D. Ill. 2003) (finding that the more than four-month delay in petitioner's receiving notice of the state appellate court's decision, despite his diligent efforts (while represented by a court-appointed attorney) to learn the status of his appeal, was a ground for equitable tolling).

This case certainly "turns on its own facts." Petitioner was represented by appellate counsel on direct appeal, and it was reasonable for Petitioner to rely on his appellate counsel to notify him of the status of his direct appeal. Further, Petitioner was required to wait until his conviction was final in state court before initiating a habeas corpus petition in federal court. And, the fact that Petitioner's counsel failed to notify him of the appellate court's decision was certainly beyond Petitioner's control. After not hearing from his appellate counsel, Petitioner

inquired directly to the appellate court concerning the status of the appeal and was informed of the status on May 23, 2004. Thus, until notified by the appellate court on May 23, 2004, Petitioner was unaware of the appellate court's decision. Thus, this Court concludes that Petitioner is entitled to equitable tolling from the date his conviction became final until May 23, 2004, when he was notified of the appellate court's decision.

Secondly, Petitioner argues that he is entitled to equitable tolling for the period of time in which he attempted to obtain transcripts and other materials from appellate counsel so that he could file his Rule 3.850 motion. He claims this period lasted from August 23, 2003, until January 15, 2005, when counsel sent the transcripts. However, it appears that Petitioner received the transcripts on January 22, 2005. Reply at 3; Ex. L at 1.

Thus, even assuming that Petitioner is entitled to equitable tolling from the date his conviction became final until January 22, 2005, Petitioner did not immediately file the Rule 3.850 motion. Petitioner, on March 10, 2005, filed a motion to extend the time for filing the Rule 3.850 motion. However, the motion for extension of time did not meet the criteria of 28 U.S.C. § 2244(d)(2) as a properly filed application for post conviction relief. See Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (petitioner's motion for an extension of time within which to file a petition for post conviction relief did not meet the criteria of

§ 2244(d)(2) as a properly filed application for post conviction relief), cert. denied, 546 U.S. 1108 (2006). Therefore, the one-year limitation period was not tolled during the pendency of this motion for extension of time. Thus, the one-year period of limitation ran for ninety-one (91) days (January 23, 2005, to April 24, 2005) when Petitioner filed his Rule 3.850 motion. The one-year period of limitation was tolled during the pendency of the Rule 3.850 motion and the appeal (April 24, 2005, until July 24, 2006).

The one-year period of limitation began to run again on July 25, 2006, and ran for three-hundred and twenty-four (324) days until Petitioner filed his Petition in this Court on June 14, 2007. Thus, Petitioner utilized four-hundred and fifteen (415) days of the one-year period of limitation. Clearly, even with equitable tolling applied in Petitioner's favor, the Petition is untimely filed in this Court. Thus, the dictates of the one-year limitation period must be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 8th day of May, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 5/8
c:
Xevrick Latimore,
a/k/a Michael Latimore
Assistant Attorney General (Phillips)